LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 08-8116 GAF-RZ | Date | July 12, 2010 |
|---|---|---|---|
| Title | Allied Artists International, Inc. v. Robert N. Rooks et al | | |

| Present: The Honorable | **GARY ALLEN FEESS** | | |
|---|---|---|---|
| Renee Fisher | None | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None | None |

**Proceedings:**     **(In Chambers)**

### FURTHER ORDER TO SHOW CAUSE

Defendant Robert Rooks has offered an inadequate response to the Court's June 24, 2010 order to show cause.

First, Rooks has presented a "Declaration" describing his purported efforts to terminate Allied Artists-related websites (Docket No. 131, at 1-2.), but these statements are not offered under penalty of perjury, and are thus inadmissible as evidence of Rooks's compliance with his non-infringement obligations.

Second, even if the Court takes Rooks's "Declaration" as true, he has acknowledged that as of "approximately six weeks ago," he was still operating websites featuring the name "Allied Artists." (Id. at 1.)  This activity would clearly violate the terms of the Court's March 1, 2010 order, wherein Rooks was broadly prohibited from using the "Allied Artists" mark.  (Docket No. 122, at 12.)

Third, Rooks's response references only the termination of "Websites....that had 'Allied Artists' in [their] name" and thus displays a failure to recognize the scope of the March 1, 2010 order. (Docket No. 131, at 1.)  To comply with the terms of the permanent injunction, Rooks must more broadly refrain from "using any mark that is likely to cause

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 08-8116 GAF-RZ | Date | July 12, 2010 |
|---|---|---|---|
| Title | Allied Artists International, Inc. v. Robert N. Rooks et al | | |

confusion, mistake, deception, or public misunderstanding as to the origin of Plaintiff's products." (3/1/10 Order, Docket No. 122, at 12.) Compliance thus encompasses both (1) termination of sites featuring "Allied Artists" as part of their name, and (2) termination of any other sites that incorporate the "Allied Artists" mark in their substantive content and thereby cause "confusion, mistake, deception, or public misunderstanding" regarding the connection between Plaintiff's products and Rooks. (Id.)

The Court concludes that Rooks must offer further explanation for his conduct and specifically address the above deficiencies in his response. Therefore, Rooks is once again **ORDERED TO SHOW CAUSE**, <u>**no later than July 21, 2010**</u>, why he should not be held in contempt for knowingly defying the Court's order.

Rooks may adequately respond to this order by submitting a declaration, <u>under penalty of perjury</u>, that describes <u>all</u> efforts to comply with the terms of the March 1, 2010 order.

**IT IS SO ORDERED.**

Cc:  Robert N. Rooks
     880 West First Street
     Los Angeles, CA 90012